HEARD APRIL TERM, 1873.

### STATE *vs.* CHAPEAU & HEFFRON.

Where an Act, providing for a general license law, fixes the sum to be paid for a license by a vender of goods, by the amount of his annual sales, and the punishment, for a violation of the Act, by the sum to be paid for the license, an indictment under the Act which does not allege the amount of defendants' annual sales, is bad, and judgment thereon will be arrested.

IN THE CRIMINAL COURT OF CHARLESTON, JULY TERM, 1872.

The case is stated in the opinion of the Court.

*Hayne, Memminger, Porter,* for appellants.

*Whipper,* Acting Solicitor, contra.

Aug. 18, 1873.   The opinion of the Court was delivered by

MOSES, C. J.   The fourth Section of the Act entitled " An Act to provide for a general license law," 15 Stat., 196, declares that any person or company who shall engage in, or exercise the business of selling any goods, wares, &c., shall pay into the treasury of the County in which they shall design to conduct or carry on such business, for the use of the State, certain sums, varying in amount from five to two hundred and fifty dollars, according to the amount of their annual sales, the several sums having regard to the amount of the sales being fixed by the Act.   The appellants were indicted under the said Act for carrying on business in the County of Charleston, in the vending of saddles and other wares, without any authority or license therefor.   They demurred to the indictment,

which, being overruled, they were tried and convicted, and sentenced to pay fifty dollars and costs. A motion in arrest of judgment being denied by the Court below, it is renewed here, and as it must be granted on the second ground, to wit: " Because the indictment does not charge what the alleged sales of saddles and other goods, wares and merchandise by the defendants amounted to annually," it is not necessary for the Court to express its opinion on. the other exceptions on which the appellants rest it.

It is a recognized rule, in relation to indictments, that they shall be framed with sufficient certainty. Not only must the facts be so set forth that they may of themselves indicate its character, on which the jury are to pass, but they must also show the particular nature of the offense on which the Court may be called upon to pass judgment. The principle laid down by Lord Hale, (2 P. C., 187,) and followed in all the elementary works on criminal law, may be briefly expressed in the language of Ch. J. DeGrey, in *The Kiny* vs. *Howe*, Cowp., 682 : "The charge must contain such a description of the crime that the defendant may know what crime it is which he is called upon to answer; that the jury may appear to be warranted in their conclusion of 'guilty' or 'not guilty' upon the premises delivered to them; and that the Court may see such a definite crime that they may apply the punishment which the law prescribes." It would be difficult to find an authority contesting in any way the principle so announced, which recommends itself to adoption as a proper rule in criminal pleading, by its strict consistency with reason and common sense.

The Act, so far as it relates to sellers or venders of merchandise, divides them into several classes, according to the extent of their annual sales, requires, as a license to sell, the payment of proportional amounts, and the punishment for its violation is graduated by the sum required to be paid as a condition precedent to the privilege of selling. To say nothing of the right of the accused to be informed of the precise offense alleged against them, the omission in the indictment of an averment of the amount of their annual sales leaves nothing on the record by which the Court can graduate the offense, as required by the Act, and, therefore, it cannot inflict " a fine not less than double the amount of license imposed on such business or occupation."

The motion in arrest of judgment must prevail, and it is so ordered.

*Wright*, A. J., and *Willard*, A. J., concurred.